FILED
SUPERIOR COURT
OF GUAM

2021 AUG 23 AM 7:57

CLERK OF COURT
BY

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROBINSON G. CHACO,<br><br>               Plaintiff,<br><br>      vs.<br><br>MINAKO T. CHACO,<br><br>              Defendant. | Superior Court Case No. <u>DM0503-18</u><br><br><br>**DECISION AND ORDER RE MOTION FOR AN ORDER TO SHOW CAUSE RE CONTEMPT** |

The Court here considers whether to hold Plaintiff Robinson G. Chaco in contempt of Court for violating the August 22, 2019 Stipulated Interlocutory Judgment of Divorce ("Agreement" or "Stipulated Judgment"). The Court held an evidentiary hearing on August 20, 2021, and heard testimony from Robinson. Having considered the evidence, arguments and applicable law, the Court finds Robinson in contempt of Court.

## I.   FINDINGS OF FACT

The Court makes the following findings by a preponderance of the evidence:

1. In a Stipulated Judgment, the parties agreed to share joint legal custody of their daughter, N.I.T.C.—including agreeing to make major decisions together regarding her education, "such as choice and/or change of school." Agreement ¶ 3 (Aug. 22, 2019).

2. The parties also agreed to a joint physical custody arrangement, consisting of Minako having custody during the school session and Robinson having custody during the summer starting one week after school ends until two weeks before school begins and for every Christmas break. *Id.* at ¶ 4.

3. The parties further agreed "to resolve any controversy that may arise in reference to the Agreement through mediation...." *Id.* at ¶ 16. Only in the event mediation fails may relief then be sought in Court. *Id.*

4. In review of an earlier motion for contempt sought by Minako, the Court found that the mediation provision in the Agreement is mandatory. *See* Order (Oct. 18, 2019).

5. After the divorce, Minako moved to Florida.

6. In 2020, the parties agreed that Minako would retain physical custody of N.I.T.C. during Robinson's custodial time due to the health risks associated with the COVID-19 pandemic.

7. Robinson claims he lost 180 days of custodial time.

8. Minako enrolled N.I.T.C. in preschool for the 2020-2021 school year, a decision that Robinson claims she made without consulting him.

9. After the school year ended, Robinson's current wife travelled to Florida and brought N.I.T.C. back to Guam for his summer visitation.

10. Minako has informed Robinson that for the upcoming school year she enrolled N.I.T.C. at Pine Crest--a kindergarten located in Broward County, Florida--and that school would begin on August 18, 2021.

11. Robinson did not consent to enrolling N.I.T.C. at Pine Crest; he claims that Minako informed him to contact her lawyer when he raised concerns.

12. To attempt to resolve the issue, on July 26, 2021, Robinson filed an Ex Parte Application for Stay of Custody Exchange to Allow Plaintiff Make-Up Time and to Enforce the Legal Custody Rights of Plaintiff ("Ex Parte Application").

13. Robinson did not bring N.I.T.C. back to Florida two weeks prior to August 18, 2021, nor did he inform Minako that he did not intend to return her.

14. Minako therefore sought an Order to Show Cause, which the Court issued. Order to Show Cause (Aug. 11, 2021). The Court ordered Robinson to show cause why he should not be held in contempt for failure to abide by the Stipulated Judgment.

15. At the same time it issued the OSC, the Court struck Robinson's Ex Parte Application due to the failure to pay the filing fee. Order (Aug. 11, 2021) (citing Administrative Order ADM21-671).

16. Robinson has refiled his Ex Parte Application.

17. At the hearing on the OSC, Robinson testified at the hearing that he retained custody of N.I.T.C. beyond the time permitted in the Agreement because the parties did not come to an agreement regarding her school and because of the health risks associated with the rising cases of COVID-19 in Florida.

## II. **LAW AND DISCUSSION**

Under Guam law, a party can be held in contempt of court when, by clear and convincing evidence, there is (1) a valid order, (2) knowledge of the order, (3) ability to comply with the order, and (4) a willful failure to comply with the order. *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15. Robinson does not dispute prongs one through three, so the Court proceeds to examine whether he willfully failed to comply with the Court's Order memorialized in the Stipulated Judgment.

Willfulness is traditionally considered an "essential element of the offense" of contempt. *People of Guam v. Torres*, 2008 Guam 26 ¶ 5. However, "a good faith belief that a party's interpretation of the support order is correct may prevent a finding of willfulness for purposes of

establishing contempt.*" Lamb v. Hoffman*, 2008 Guam 2 ¶ 52. A party acts in "good faith" when they take "all reasonable steps within [their] power to comply with the court's order." *Landmark Legal Found. v. E.P.A.*, 272 F. Supp. 2d 70, 78 (D.D.C. 2003).

Robinson contends that, by unilateral making decisions regarding N.I.T.C.'s education, Minako has deprived him of his right to joint legal custody, thereby breaching the terms of the Agreement. He also asserts that he is entitled to make up the custodial time he forfeited in 2020. Pointing to his Ex Parte Application, Robinson claims that retaining physical custody of N.I.T.C. and enrolling her in school on Guam is a reasonable resolution to Minako's breach and compensates him for the forfeited custodial time. Lastly, Robinson argues that the increased COVID-19 cases in Florida put N.I.T.C.'s at risk of contracting the virus if she returned there..

In regards to Robinson's arguments, the Court finds that Robinson agreed that such issues had to first endure mediation. Agreement ¶ 16. The Court confirmed the mandatory nature of the provision in its October 18, 2019 Order--a result that Robinson argued for at the time. If Robinson wanted to bring a claim that Minako's actions violated his rights under the Agreement or pursue his claim that he is entitled to makeup the physical custody that he forfeited, he was required to first pursue mediation. Only after mediation failed can he seek relief before this Court. The Court therefore makes no determination on the merits of the custodial issues.

The Court next turns to whether Robinson's conduct amounts to a willful failure to comply with a court order. *See People of Guam v. Torres*, 2008 Guam 26 ¶ 5; *Lamb v. Hoffman*, 2008 Guam 2 ¶ 52. At the hearing Robinson admitted that he was aware that N.I.T.C. started school on August 18, 2021. He did not, however, inform Minako of his intention not to return physical custody of N.I.T.C. two weeks prior to August 18, as required under the Agreement. Rather, Robinson filed the Ex Parte Application and proceeded to retain custody of N.I.T.C.,

causing her to miss the start of school. Moreover, despite Robinson's claims that he will enroll N.I.T.C. at a school in Guam, he has yet to do so, meaning that she has missed the start of the school year in both locations. The Court finds Robinson's intentional disregard of the Agreement to constitute a willful disregard of the Court's order.

Even if Robinson were to argue that the Court can override the parties' Agreement to mediate due to the best interests of the child, specifically with regard to COVID-19 safety concerns, the Court does not find reason to do so here. As in Florida, cases of COVID-19 are rising in Guam. Also, Robinson is not vaccinated and works in a hotel, both of which raise the odds of transmission of COVID-19 into his own home.

In summary, the Court finds that Robinson is required to mediate his allegations regarding Minako's breach of the Agreement and his right to make up lost custody time. Additionally, the Court finds that Robinson's action of intentionally retaining physical custody of N.I.T.C. was a willful violation of the Agreement. Having willfully violated a valid court order, Robinson is held in contempt of this Court.

The Court now turns to the remedies for contempt. "Any person found guilty of contempt of court pursuant to § 34102(b) is subject to the same penalties as a person found guilty of a petty misdemeanor." 7 GCA § 34101(b); *Lamb*, 2008 Guam 2 ¶ 15. Penalties for conviction of a petty misdemeanor include imprisonment for not more than sixty days, a fine of $500, or "[a]ny higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender." 9 GCA §§ 80.34(b), 80.50(e).

In considering the amount of a fine, the Court finds that Minako has suffered a loss in paying attorney's fees and costs to litigate this matter. The Court also finds that when an action is brought to enforce compliance with the Stipulated Judgment, the prevailing party is entitled to

"counsel fees." The Court is satisfied that requiring Robinson to compensate Minako for her attorney's fees and costs will achieve the desired effect of deterrence from further violations, as well as abides by the parties' Agreement to compensate a prevailing party for attorney's fees. Thus, the Court ORDERS Robinson to pay Minako what she has incurred as attorney's fees and costs in connection with this motion. The Court will order further documentation to determine the amount of these sanctions, as detailed below.

## III. CONCLUSION AND ORDER

The Court finds by a preponderance of the evidence that Robinson G. Chaco willfully violated a Court order and therefore is in contempt of Court and is subject to sanctions.

The Court ORDERS Robinson to return physical custody of N.I.T.C. to Minako as soon as possible and no later than fourteen days of this Decision and Order. The Court also DENIES his Ex Parte Application.

To determine the amount of the sanction, Minako may submit a statement regarding legal fees and costs incurred in connection with pursuing these contempt proceedings within twenty-one days of this Decision and Order.

SO ORDERED this 21st day of August 2021.

**HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam**

Appearing Attorneys:
Curtis Vandeveld, Esq., The Van de veld Law Office, for Plaintiff Robinson G. Chaco
Gary Gumataotao, Esq., Law Offices of Gumataotao and Pole, for Defendant Minako T. Chaco

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_VAN DEVELD_
_GUMATAOTAO_

Date: _____ Time: _8/23/21_
**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam